# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>Plaintiffs,<br><br>v.<br><br>MASSACHUSETTS ELECTRIC COMPANY, d/b/a NATIONAL GRID,<br><br>Defendants. | CIVIL ACTION No. 1:23-cv-11524 |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States, acting at the request of the National Oceanic and Atmospheric Administration ("NOAA") and the Department of the Interior ("DOI"), through the United States Fish and Wildlife Service ("FWS"), and the Commonwealth of Massachusetts, on behalf of the Secretary for the Executive Office of Energy and Environmental Affairs ("EEA"), acting by and through the Massachusetts Department of Environmental Protection ("MassDEP"), through their undersigned attorneys, file this complaint and allege as follows:

## NATURE OF ACTION

1.  This is a civil action brought against Massachusetts Electric Company, d/b/a National Grid ("National Grid"), for recovery of damages for injury to, loss of, or destruction of natural resources under the trusteeship of NOAA, FWS, and the EEA Secretary (collectively, "Trustees"), under Section 107 of the Comprehensive Environmental Response, Compensation,

and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607, and, as to the Commonwealth only, under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1 - 22 ("Chapter 21E"). Plaintiffs seek damages in order to compensate for injury to, destruction of, loss of certain natural resources, including the reasonable costs of assessing such injury, resulting from the release of hazardous substances by National Grid and, in the case of the Commonwealth's Chapter 21E claim, hazardous material and/or oil. The release(s) were to soils, sediments, groundwater, and surface water from the Gloucester Gas Light Company Manufactured Gas Plant ("MGP"), located in Gloucester, Massachusetts, which was at relevant times owned and/or operated by National Grid or its predecessors. For purposes of this action for damages to natural resources, the "Site" is delineated on the attached Site map (Appendix 1), and consists of the impacted area of Gloucester Harbor. In this action, Plaintiffs also seek to recover unreimbursed costs of assessing such damages and planning related to the restoration of injured natural resources.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345, and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b). This Court has supplemental jurisdiction over the subject matter of the Commonwealth's claim under 28 U.S.C. § 1367(a) because the Commonwealth's claim is so related to the Plaintiffs' collective claim that it forms part of the same case or controversy. The Trustees are authorized to bring this action under 42 U.S.C. § 9607(f) of CERCLA. The Commonwealth is authorized to bring its state law claim under Mass. Gen. Laws. ch. 21E, §§ 5(a)(1), 5(a)(ii).

3.	Venue lies in this District under 28 U.S.C. § 1391(b), and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because it is the judicial district in which the releases, threats of releases, or discharges of hazardous substances giving rise to these claims occurred.

## PARTIES

4.	The Plaintiffs are the United States of America, by the authority of the Attorney General of the United States, acting at the request of NOAA and DOI, through FWS, and the Commonwealth of Massachusetts, acting by and through the Attorney General for the Commonwealth of Massachusetts, on behalf of the EEA Secretary, acting by and through MassDEP.

5.	The Defendant is the Massachusetts Electric Company (d/b/a National Grid), which is registered as a corporation to do business in Massachusetts and has a principal business office located at 40 Sylvan Road, Waltham, Massachusetts 02451.

6.	The Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, because the Defendant is a corporation.

## STATUTORY BACKGROUND

7.	Section 107(a)(4)(C) of CERCLA makes certain persons liable to, in this case, the United States and/or a State for "damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from" the release of hazardous substances from a vessel or facility.  42 U.S.C. § 9607(a)(4)(C); *see also* 42 U.S.C. § 9607(f)(1).

8.	Section 5 of Chapter 21E likewise makes certain persons liable "to the [C]ommonwealth for all damages for injury to and for destruction or loss of natural resources,

3

including the costs of assessing and evaluating such injury, destruction or loss, incurred or suffered as a result of" a release or threat of a release of oil or hazardous material from a vessel or site.  Mass. Gen. Laws ch. 21E, § 5(a)(1), 5(a)(ii).

9. Section 107(f)(2)(A) and (B) of CERCLA authorize the designation of both federal and state natural resource trustees who are responsible for "assess[ing] damages for injury to, destruction of, or loss of natural resources" under their trusteeship.  42 U.S.C. § 9607(f)(2)(A)-(B).

10. Natural resources include "land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States . . . [or] any State." 42 U.S.C. § 9601(16).

11. The Secretary of DOI, through the FWS, has been designated as a natural resource trustee for federal trust resources at and near the Site under 42 U.S.C. § 9607(f)(2)(A), 40 C.F.R. § 300.600, and Exec. Ord. No. 12,580, 52 Fed. Reg. 2923 (Jan. 23, 1987). DOI/FWS acts on behalf of the public as a trustee for natural resources, including threatened or endangered species, migratory birds, other fish and aquatic life, and their supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States. *See*, *e.g.*, 40 C.F.R. § 300.600.

12. The Administrator of NOAA has been designated as a natural resource trustee for federal trust resources at and near the Site under to 42 U.S.C. § 9607(f)(2)(A), 40 C.F.R. § 300.600, and Exec. Ord. No. 12,580, 52 Fed. Reg. 2923 (Jan. 23, 1987). NOAA acts on behalf of the public as a trustee for natural resources, including threatened or endangered species, other

fish and aquatic life, and their supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States. *See*, *e.g.*, 40 C.F.R. § 300.600.

13. The Secretary of EEA, acting by and through MassDEP, has been designated as the state natural resource trustee for state trust resources at and near the Site. 42 U.S.C. § 9607(f)(2)(B); 40 C.F.R. § 300.605; Mass. Gen. Laws ch. 21A, § 2A. The EEA Secretary acts on behalf of the public for natural resources, including threatened or endangered species, other fish and aquatic life, and their supporting ecosystems, and recreational resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the Commonwealth, which have been affected by releases of hazardous substances, 40 C.F.R. § 300.605, Mass. Gen. Laws ch. 21A, § 2A, and/or hazardous material and/or oil, Mass. Gen. Laws ch. 21E, § 5.

14. Federal trusteeship over natural resources may overlap with that of the Commonwealth. The National Contingency Plan ("NCP") directs that, where there are multiple trustees, the trustees should coordinate and cooperate in carrying out their responsibilities. 40 C.F.R. § 300.615(a).

15. As required by CERCLA Section 301(c), 42 U.S.C. § 9651(c), DOI has promulgated regulations respecting the assessment of injuries to natural resources resulting from the release of hazardous substances and associated restoration activities. Those regulations are codified at 43 C.F.R. Part 11.

## GENERAL ALLEGATIONS

16. National Grid is the current owner and/or operator of the former Gloucester Gas Light Company MGP in Gloucester, Massachusetts.

17. One or more releases of MGP residuals, such as coal tar in the form of a non-aqueous phase liquid (NAPL) and associated polycyclic aromatic hydrocarbons (PAHs) have

occurred at the Site, as delineated on the Site map attached as Appendix 1, over the approximate 150-year lifetime of the MGP facility.

18. These release(s), which entered the Gloucester Harbor designated port area, directly impacted various Site natural resources, including soil, groundwater, sediments, and surface water.

19. The Gloucester Harbor port area serves as an important ecological resource because it serves as a habitat for fish and other aquatic life, as well as birds and other wildlife.

20. The Trustees have determined that injury to natural resources has occurred and continues to occur at the Site due to the release of coal tar and other hazardous substances and materials and/or oil.

## FIRST CLAIM FOR RELIEF

### Federal and State Claim:  Natural Resource Damages under CERCLA

21. Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

22. The Defendant is the "owner" or "operator" of a "facility" under section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

23. The Defendant's MGP is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

24. There has been a "release(s)" or "threatened release(s)," within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22), 9607(a), of hazardous substances at and from the Defendant's Facility.

25. The substances released from the Defendant's Facility, including PAHs, are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and 40 C.F.R. § 302.4.

26. "Natural resources" within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), have been or are being injured, lost, or destroyed as a result of the release(s) of hazardous substances at and from at the Site. Such natural resources include, but are not limited to, the soils, sediments, surface water, groundwater, biological organisms at or near the Site.

27. Plaintiffs have incurred costs and continue to incur costs in assessing injury and damages to natural resources resulting from the releases and planning related restoration for the injured natural resources.

28. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the Defendant is liable to the United States and State Trustees for damages for injury to, destruction of, or loss of natural resources resulting from release(s) of hazardous substances at and from Defendant's Facility, including the reasonable costs of assessing such injury, destruction, or loss and planning related restoration for the injured natural resources.

## SECOND CLAIM FOR RELIEF

**State Claim: Natural Resources Damages under Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen Laws ch. 21E, §§ 1 – 22**

29. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. The Defendant is the "owner" or "operator" of a site from which or at which there has been a release of oil and/or hazardous material under section 5(a)(1) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(1).

31. The Defendant's MGP and the impacted area of Gloucester Harbor is a "Site" within the meaning of section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, because it constitutes an area where oil and/or hazardous material have been deposited, stored, disposed of or placed, or otherwise come to be located.

32. There has been a "release," within the meaning of section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, of oil and/or hazardous material at and from the Site into the "environment," as that term is defined in section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

33. The substances released from the Site, including PAHs, are "oil," within the meaning section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, and/or "hazardous material" within the meaning of section 2 of Chapter 21E.

34. As a result of the releases of oil and/or hazardous material at and from the Site, there has been injury to, destruction of, or loss of natural resources, within the meaning of section 5 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5, for which the Commonwealth may recover damages under section 5(a)(1) and 5(a)(ii) of Chapter 21E, Mass. Gen. Laws ch. 21E, §§ 5(a)(1), 5(a)(ii).

35. The Commonwealth has incurred costs and continues to incur costs in assessing injury and damages to natural resource resulting from the releases and planning restoration for the injured natural resources.

36. As the owner or operator of the Site at or from which oil and/or hazardous material has been released into the environment, including Gloucester Harbor and the sediments under it, the Defendant is liable to the Commonwealth under section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(ii), for all damages for injury to, destruction of, or loss of natural resources, as well as the costs of assessing and evaluating such injury, destruction, or loss incurred or suffered by the Commonwealth as a result of such release(s), and planning restoration for the injured natural resources.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

1. Award Plaintiffs a judgment under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), against the Defendant for all damages caused by injury to natural resources caused by the release(s) of hazardous substances and, with respect to the Commonwealth's state law claim under Chapter 21E, caused by release(s) of hazardous material and/or oil, from the Defendant's Facility and Site, as well as assessment costs related thereto;

2. Award the Plaintiffs their costs of this action; and

3. Grant Plaintiffs such other relief as this Court may deem appropriate.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/ David L. Gordon
DAVID L. GORDON
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044 7611
david.l.gordon@usdoj.gov
202-532-5456

RACHAEL S. ROLLINS
UNITED STATES ATTORNEY
District of Massachusetts

OF COUNSEL
Mark D. Barash, Esq., United States Department of the Interior
Anne S. Witherup, Esq. United States National Oceanic and Atmospheric Administration

**FOR THE COMMONWEALTH OF MASSACHUSETTS:**

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ Seth Schofield
SETH SCHOFIELD

*Senior Appellate Counsel*
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts  02108
617-963-2436
seth.schofield@mass.gov