**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| and ) | |
| ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:23-cv-11524 |
| MASSACHUSETTS ELECTRIC COMPANY, ) | |
| d/b/a NATIONAL GRID, ) | |
| ) | |
| Defendant.   ) | |
| ) | |

## <u>CONSENT DECREE</u>

### I. BACKGROUND

A.     The United States of America ("United States"), on behalf of the Secretary of the

United States Department of the Interior ("DOI") and the Secretary of the United States

Department of Commerce ("Commerce"), filed a complaint as a co-plaintiff in this action under

Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of

1980, as amended, ("CERCLA"), 42 U.S.C. § 9607.

B.     The complaint alleges that the Massachusetts Electric Company, d/b/a National

Grid ("Settling Defendant") is liable under CERCLA for damages for injury to, destruction of, or

loss of natural resources resulting from the release of hazardous substances at the "Site," as defined

herein.   Under 42 U.S.C. §§ 9607(f)(2) and 9615, Executive Order 12580, and the National

Contingency Plan, 40 C.F.R. Part 300, DOI, through the United States Fish and Wildlife Service

("FWS"), and Commerce, through the National Oceanic and Atmospheric Administration

1

("NOAA"), have been delegated authority to act as the Federal Trustees for natural resources impacted by the release of hazardous substance at or from the Site, as hereafter defined.

C.    The Commonwealth of Massachusetts, on behalf of the Secretary for the Executive Office of Energy and Environmental Affairs ("EEA"), acting by and through the Massachusetts Department of Environmental Protection ("MassDEP") (collectively, the "Commonwealth"), is co-plaintiff on the complaint in this matter, and seeks damages for injury to natural resources under Section 107 of CERCLA, 42 U.S.C. § 9607, and under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-22.  The EEA Secretary is the Massachusetts official designated to act on behalf of the public as trustee for natural resources managed or protected by the Commonwealth and its agencies that have been affected by the release of hazardous substances, hazardous materials, and/or oil.  Mass. Gen. Laws ch. 21A, § 2A; 42 U.S.C. § 9607(f)(2); 40 C.F.R. § 300.605.

D.    By entry into this Consent Decree, the Settling Defendant does not admit any liability to the Plaintiffs arising out of the transactions or occurrences alleged in the complaint.

E.    The Trustees believe Settling Defendant's obligations under this Consent Decree constitute adequate compensation for Natural Resources Damages, as defined herein, arising from the release of hazardous substances, hazardous materials, and/or oil at and from the Site.

F.    The Parties to this Consent Decree recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; (iii) will expedite natural resource restoration actions to be performed by the Trustees; and (iv) is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).   This Court also has supplemental jurisdiction over the subject matter of the Commonwealth's state law claim under 28 U.S.C. § 1367(a).  The Court has personal jurisdiction over the Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, the Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.  The Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.     This Consent Decree applies to and is binding upon the Plaintiffs and upon the Settling Defendant and its successors and assigns. Any change in ownership or corporate status of the Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the Settling Defendant's responsibilities under this Consent Decree.

## IV. DEFINITIONS

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendix attached hereto and incorporated hereunder, the following definitions shall apply:

"CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

"Commerce" means the United States Department of Commerce and any successor departments or agencies of the United States.

"Commonwealth" means the Commonwealth of Massachusetts.

"Consent Decree" means this Consent Decree and all appendices attached hereto (listed in Section XIII (Appendices)).  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" means a calendar day unless expressly stated to be a working day.  "Working Day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

"DOI" means the United States Department of the Interior and any successor departments or agencies of the United States.

"Effective Date" means the effective date of this Consent Decree as provided by Section XIV of this Consent Decree (Effective Date and Retention of Jurisdiction).

"EEA" means the Executive Office of Energy and Environmental Affairs of the Commonwealth of Massachusetts.

"FWS" means the United States Fish and Wildlife Service.

"Interest," shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest

shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

"MassDEP" means the Massachusetts Department of Environmental Protection.

"Natural Resource" or "Natural Resources" means land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and recreational and other services provided by such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and/or the Commonwealth.

"Natural Resource Damages" means any damages recoverable by the United States and/or the Commonwealth on behalf of the public, for injury to, destruction of, or loss of Natural Resources at the "Site" as a result of a release of hazardous substances, and, in the case of the Commonwealth's claim under Mass. Gen. Laws ch. 21E, § 5, damages as the result of a release of hazardous materials or oil, including: (i) the reasonable costs of assessing such injury, destruction, or loss arising from or relating to such a release; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost Natural Resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, or loss of Natural Resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

"NOAA" means the National Oceanic and Atmospheric Administration.

"Paragraph" means a portion of this Consent Decree identified by an Arabic numeral or an upper-case letter.

"Parties" means the United States, the Commonwealth, and the Settling Defendant.

"Past Assessment and Restoration Planning Costs" means costs incurred by the respective Trustees through the date of lodging this Consent Decree, for work related to the Site.

"Plaintiffs" means the United States and the Commonwealth.

"Section" means a portion of this Consent Decree identified by a roman numeral.

"Settling Defendant" means Massachusetts Electric Company, d/b/a National Grid.

"Site" means the Gloucester Gas Light Company Manufactured Gas Plant Site as delineated on the map attached as Appendix. A.

"Subparagraph" means a portion of this Consent Decree identified by a lower-case letter or an Arabic numeral in parentheses.

"United States" means the United States of America, including all of its departments, agencies, and instrumentalities.

"Trustees" means NOAA, FWS, and the EEA Secretary.

## V. STATEMENT OF PURPOSE

4.      The mutual objectives of the Parties in entering into this Consent Decree are: (i) to contribute to the restoration, replacement, or acquisition of the equivalent of the natural resources allegedly injured, destroyed, or lost as a result of hazardous substance releases (or in the case of the Commonwealth's separate Chapter 21E claim, hazardous materials and/or oil releases) at and from the Site; (ii) to reimburse reasonable natural resource damage assessment costs incurred by the Trustees; (iii) to resolve the Settling Defendant's liability for Natural Resource Damages as provided herein; and (iv) to avoid potentially costly and time-consuming litigation.

## VI. PAYMENTS BY THE SETTLING DEFENDANT

5.      Within 45 days after the Effective Date, the Settling Defendant shall pay a total of $5,380,000.00 to the Plaintiffs, as follows:

a.      *Payments for Trustee Sponsored Natural Resource Restoration Project(s).* Settling Defendant shall pay a total of $5,300,000.00, to the Trustees for Natural Resources

Damages. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-11-3-11881. Payment shall be made in accordance with instructions provided to Settling Defendant's counsel (as set forth in appendix B) by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day. The total amount to be paid by Settling Defendant under this Subparagraph 5.a., shall be deposited in a segregated sub-account within the Natural Resource Damage Assessment and Restoration ("NRDAR") Fund, to be managed by DOI for the joint benefit and use of the Trustees to pay for Trustee-sponsored natural resource restoration projects in accordance with Section VII.

b. *Payments for Past Assessment and Restoration Planning Costs Incurred by NOAA.* Settling Defendant shall pay a total of $68,000.00 to the United States for past natural resource damage assessment and restoration planning costs incurred by NOAA. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-11-3-11881. Payment shall be made in accordance with instructions provided to Settling Defendant's counsel (as set forth in Appendix B) by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

c. *Payments for Past Assessment and Restoration Planning Costs Incurred by DOI/FWS.* Settling Defendant shall pay a total of $12,000.00 to the United States for past natural resource damage assessment and restoration planning costs incurred by DOI/FWS. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account

in accordance with current EFT procedures, referencing DOJ Case Number 90-11-3-11881. Payment shall be made in accordance with instructions provided to Settling Defendant's Counsel (as set forth in Appendix B) by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

        d.     *Payment for Past Assessment and Restoration Planning Costs Incurred by MassDEP.* All of the Commonwealth's past natural resource damage assessment and restoration planning costs were paid prior to execution of this Consent Decree.

        e.     *Prior Payments for Past Assessment and Restoration Planning Costs Incurred by Trustees.* The Trustees acknowledge receipt of past assessment and restoration planning costs paid to them by Settling Defendant prior to the execution of this Consent Decree, in the following amounts: $337,897.86 to NOAA; $ 91,333.59 to DOI/FWS; and $45,983.80 to the Commonwealth.

        6.     *Notice of Payment.* Upon making any payment under Paragraph 5, Settling Defendant shall send written notice that payment has been made to the United States, NOAA, DOI, and Commonwealth, in accordance with Paragraph 21 and Appendix B.

        7.     *Non-Compliance with Payment Obligations.*

        a.     *Interest.* In the event any payment required by Paragraph 5 is not made when due, the Settling Defendant shall pay Interest on the unpaid balance commencing on the payment due date and accruing through the date of full payment.

        b.     *Stipulated Damages.* In addition to the Interest required to be paid under the preceding Subparagraph, if any payment required by Paragraph 5 is not made when due, the Settling Defendant shall also pay stipulated damages of $3,000 per day for the first 14 days that a

8

payment is late, $6,000 per day for days 15 through 30, and $9,000 per day thereafter through the date of full payment.

        c.    *Payment of Interest and Stipulated Damages*. Any Interest payments under Subparagraph 7.a. shall be paid in the same manner as the overdue principal amount, and shall be directed to the same fund or account as the overdue principal amount. Fifty percent (50%) of any stipulated damages payments under Subparagraph 7.b. shall be paid to the United States in accordance with payment instructions provided to Settling Defendant's counsel (as set forth in Appendix B) by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts, and shall be deposited in the United States Treasury. Fifty percent (50%) of any stipulated damages payments under Subparagraph 7.b. shall be paid to the Commonwealth, in accordance with payment instructions provided to Settling Defendant's counsel (as set forth in Appendix B) by the Massachusetts Attorney General's Office.

## VII. TRUSTEE-SPONSORED NATURAL RESOURCE RESTORATION PROJECTS

        8.    *Management and Application of Funds*. All funds deposited in a segregated sub-account within the NRDAR Fund under Subparagraph 5.a. shall be managed by DOI for the joint benefit and use of the Trustees to pay for Trustee-sponsored natural resource restoration efforts in accordance with this Consent Decree. All such funds shall be applied toward the costs of restoration, rehabilitation, or replacement of injured natural resources, and/or acquisition of equivalent resources, including but not limited to any administrative costs and expenses necessary for, and incidental to, restoration, rehabilitation, replacement, and/or acquisition of equivalent resources planning, and any restoration, rehabilitation, replacement, and/or acquisition of equivalent resources undertaken.

9.    *Restoration Planning.* The Trustees intend to prepare a separate Restoration Plan describing how the funds dedicated for Trustee-sponsored natural resource restoration efforts under this Section will be used. As provided by 43 C.F.R. § 11.93, the Plan will identify how funds will be used for restoration, rehabilitation, replacement, or acquisition of equivalent resources. The Plan may also identify how funds will be used to address services lost to the public until restoration, rehabilitation, replacement, and/or acquisition of equivalent resources is completed.

10.    Decisions regarding any use or expenditure of funds under this Section shall be made by unanimous agreement of the Trustees. Settling Defendant shall not be entitled to dispute, in any forum or proceeding, any decision relating to use of funds or restoration efforts under this Section.

## VIII. COVENANTS NOT TO SUE BY THE PLAINTIFFS

11.    *Covenant by the United States.* Except as specifically provided by Paragraph 13 (General Reservations) and Paragraph 14 (Special Reservations Regarding Natural Resource Damages), the United States covenants not to sue Settling Defendant for Natural Resource Damages related to the Site under CERCLA Section 107, 42 U.S.C. § 9607. This covenant not to sue shall take effect upon receipt of the Settling Defendant's payments under Paragraph 5 of this Consent Decree. This covenant not to sue is conditioned upon the satisfactory performance by the Settling Defendant of its obligations under this Consent Decree.

12.    *Covenant by the Commonwealth.* Except as specifically provided by Paragraph 13 (General Reservations) and Paragraph 14 (Special Reservations Regarding Natural Resource Damages), the Commonwealth covenants not to sue Settling Defendant for Natural Resource Damages related to the Site under CERCLA Section 107, 42 U.S.C. § 9607, or under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen.

Laws ch. 21E, §§ 1-22. This covenant not to sue shall take effect upon receipt of the Settling Defendant's payments pursuant to Paragraph 5 of this Consent Decree. This covenant not to sue is conditioned upon the satisfactory performance by the Settling Defendant of its obligations under this Consent Decree.

## IX. RESERVATION OF RIGHTS BY PLAINTIFFS

13.    *General Reservations*. The United States and the Commonwealth reserve, and this Consent Decree is without prejudice to, all rights against the Settling Defendant with respect to all matters not expressly included within Paragraph 11 (Covenants by the United States) and Paragraph 12 (Covenants by the Commonwealth). Notwithstanding any other provisions of this Consent Decree, the United States and the Commonwealth reserve all rights against the Settling Defendant with respect to:

a.    claims based on a failure by the Settling Defendant to meet a requirement of this Consent Decree;

b.    liability for injunctive relief or administrative order enforcement under CERCLA Section 106, 42 U.S.C. § 9606 or Chapter 21E Section 9, Mass. Gen. Laws ch. 21E, § 9;

c.    liability under CERCLA Section 107(a), 42 U.S.C. § 9607(a), for costs of removal or remedial action incurred by the United States or the Commonwealth, or liability under Chapter 21E Section 5(a)(1-5)(i), Mass. Gen. Laws ch. 21E, § 5(a)(1-5)(i) for costs of removal or remedial action incurred by the Commonwealth;

d.    liability under Section 107(a)(4)(D), 42 U.S.C. § 9607(a)(4)(D), for costs of any health assessment or health effects study carried out under 42 U.S.C. § 9604(i);

e.    liability for any other costs incurred or to be incurred by the United States or by the Commonwealth that are not within the definition of Natural Resource Damages;

11

        f.        liability for damages for injury to, destruction of, or loss of natural resources resulting from releases or threatened releases of hazardous substances (or in the case of the Commonwealth's separate Chapter 21E claim, releases or threatened releases of hazardous materials and/or oil) outside of the Site;

        g.        liability of the Settling Defendant arising from any release of hazardous substances (or in the case of the Commonwealth's separate Chapter 21E claim, releases of hazardous materials and/or oil) at the Site by the Settling Defendant after the lodging of this Consent Decree; and

        h.        criminal liability.

14.    *Special Reservations Regarding Natural Resource Damages*. Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve the right to institute proceedings against the Settling Defendant in this action or in a new action seeking recovery of Natural Resource Damages, including reasonable costs of damages assessment, based on: (i) conditions with respect to the Site, unknown to the Trustees as of the date of lodging of this Consent Decree, that result in releases of hazardous substances (or in the case of the Commonwealth's separate Chapter 21E claim, releases of hazardous materials and/or oil) that contribute to injury to, destruction of, or loss of Natural Resources; or (ii) information received by the Trustees after the date of lodging of this Consent Decree that indicates that past releases of hazardous substances (or in the case of the Commonwealth's separate Chapter 21E claim, past releases of hazardous materials and/or oil) at the Site have resulted in injury to, destruction of, or loss of Natural Resources of a type or future persistence that was unknown to the Trustees as of the date of lodging of this Consent Decree.

## X.  COVENANTS BY THE SETTLING DEFENDANT

15.    *Covenants by the Settling Defendant.* The Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States and the Commonwealth, or their contractors or employees, with respect to Natural Resource Damages or this Consent Decree, including but not limited to:

a.    any direct or indirect claim for reimbursement of any payment for Natural Resource Damages from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.    any claim against the United States or the Commonwealth pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Natural Resource Damages; and

c.    any claim against the Commonwealth pursuant to Sections 4A and 5 of Chapter 21E, Mass. Gen. Laws ch. 21E, §§ 4A and 5, relating to Natural Resource Damages.

16.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

17.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

18.    The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendant is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Natural Resource Damages.

19.    The Settling Defendant agrees that, with respect to any suit or claim for contribution brought against the Settling Defendant for matters related to this Consent Decree, the Settling Defendant will notify the persons identified in Section XII (Notices) in writing within 15 days of service of the complaint or claim upon it. In addition, the Settling Defendant shall notify the persons identified in Section XII (Notices) within 15 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20.    In any subsequent administrative or judicial proceeding initiated by the United States or the Commonwealth for injunctive relief, recovery of response costs or Natural Resource Damages, or other relief relating to the Site, the Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the Commonwealth in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants Not To Sue by the United States and the Commonwealth set forth in Section VIII.

## XII.  NOTICES

21.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses set forth in Appendix B, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the Commonwealth, and the Settling Defendant, respectively.

## XIII.  APPENDICES

22.     The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is a map of the Site.

"Appendix B" is the list of addressees for Notice under Section XII.

## XIV.  EFFECTIVE DATE AND RETENTION OF JURISDICTION

23.     The Effective Date of this Consent Decree is the date on which the Court's approval of this Consent Decree is recorded on the Court's docket.

24.     The Court shall retain jurisdiction to modify and enforce the terms and conditions of this Consent Decree and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Decree.

## XV.  CONSENT DECREE MODIFICATIONS

25.     Any material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing, and shall not take effect unless approved by the Court. Any non-material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing, and shall not take effect until filed with the Court.

Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

26.    The provisions of this Consent Decree are not severable. The Parties' consent hereto is conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion, except as agreed to by the Parties.

27.    Economic hardship or changed financial circumstances of the Settling Defendant shall not serve as a basis for modification of this Consent Decree.

## XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States and/or the Commonwealth reserve their rights to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. The Settling Defendant consents to the entry of this Consent Decree without further notice. If for any reason the Court should decline to approve this Consent Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

29.    The undersigned representatives of the Settling Defendant, the United States, and the Commonwealth each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to it. This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

30.     The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States or the Commonwealth has notified the Settling Defendant in writing that it no longer supports entry of the Consent Decree.

31.     The Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of the Settling Defendant with respect to all matters arising under or relating to this Consent Decree. The Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. The Parties agree that the Settling Defendant need not file an answer to the complaint in this action unless or until: (i) the United States or the Commonwealth has notified the Settling Defendant in writing that it no longer supports entry of this Consent Decree; or (ii) the Court expressly declines to enter this Consent Decree.

## XVIII. FINAL JUDGMENT

32.     This Consent Decree and its appendices constitute the final, complete, and exclusive understanding among the Parties with respect to the settlement embodied in the Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

33.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States, the Commonwealth, and the Settling Defendant. The Court finds that there is no reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**SO ORDERED.**

Date: _8/24/2023_

                                   UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Massachusetts Electric Company, d/b/a National Grid* related to the Gloucester Gas Light Company Manufactured Gas Plant Site in Gloucester, Massachusetts.

**FOR THE UNITED STATES OF AMERICA:**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Date: June 22, 2023

DAVID L. GORDON
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044 7611
david.l.gordon@usdoj.gov
202-532-5456

RACHAEL S. ROLLINS
United States Attorney
District of Massachusetts

OF COUNSEL
Mark D. Barash, Esq.
United States Department of the Interior

Date: 5 - 2 - 2023

CHAUNCEY KELLY
Section Chief
Office of General Counsel
Natural Resources Section
National Oceanic & Atmospheric Administration
United States Department of Commerce
1315 East-West Highway, SSMC3, Suite 15107
Silver Spring, MD 20910

OF COUNSEL
Anne S. Witherup, Esq.
United States National Oceanic and Atmospheric Administration

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Massachusetts Electric Company, d/b/a National Grid* related to the Gloucester Gas Light Company Manufactured Gas Plant Site in Gloucester, Massachusetts.

Date: 6/21/23

**FOR THE COMMONWEALTH OF MASSACHUSETTS:**

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

SETH SCHOFIELD, BBO No. 661210
Senior Appellate Counsel
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
seth.schofield@mass.gov
(617) 963-2436

REBECCA TEPPER
SECRETARY OF ENERGY AND ENVIRONMENTAL AFFAIRS

REBECCA TEPPER
Secretary of Energy and Environmental Affairs
100 Cambridge Street, Suite 900
Boston, Massachusetts 02114

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Massachusetts Electric Company, d/b/a National Grid* related to the Gloucester Gas Light Company Manufactured Gas Plant Site in Gloucester, Massachusetts.

Date: __4/6/23__

**FOR MASSACHUSETTS ELECTRIC COMPANY, d/b/a NATIONAL GRID:**

William L. Malee
Vice President
Operations Support,
Safety and Emergency Planning
National Grid

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|  |  |
|---|---|
| Name: | Kim Herman Goslant |
| Title: | Assistant General Counsel - Environmental |
| Company: | National Grid |
| Address: | 170 Data Drive, Waltham, MA 02451 |
| | |
| Phone: | 781-290-9889 |
| email: | Kim.Goslant@nationalgrid.com |

**APPENDIX A**

**MAP OF SITE**



Appendix A - Map of Gloucester Gas Light Company Manufactured Gas Plant Site

**APPENDIX B**

**List of Addressees for Notice**

Whenever a submission is required to be given, or is required to be sent, by one Party to another under this Consent Decree, it must be sent as specified below. In the case of emailed submissions, there is a rebuttable presumption that such submissions are received on the same day that they are sent. Any Party may change the method, person, or address applicable to it by providing notice of such change to all Parties.

| | | |
|---|---|---|
| As to DOJ: | *via email to:* | eescdcopy.enrd@usdoj.gov<br>Re:  DJ# 90-11-3-11881 |
| As to DOI/FWS: | *via email to:* | lindsey.spinelli@sol.doi.gov<br>Re: United States v. Mass. Electric Co. d/b/a<br>National Grid (Gloucester Harbor) |
| As to NOAA: | *via email to:* | anne.witherup@noaa.gov<br>Re: United States v. Mass. Electric Co. d/b/a<br>National Grid (Gloucester Harbor) |
| As to the Commonwealth: | *via email to:* | seth.schofield@mass.gov<br>Re: United States v. Mass. Electric Co. d/b/a<br>National Grid (Gloucester Harbor) |
| As to MassDEP: | *via email to:* | maureen.vallatini@mass.gov<br>Re: United States v. Mass. Electric Co. d/b/a<br>National Grid (Gloucester Harbor) |
| | *via email to*: | michelle.l.craddock@mass.gov<br>Re: United States v. Mass. Electric Co. d/b/a<br>National Grid (Gloucester Harbor) |
| As to Settling Defendant: | *via email to:* | Peter.harley@nationalgrid.com<br>Re: United States v. Mass. Electric Co. d/b/a<br>National Grid (Gloucester Harbor) |
| | *via email to*: | Kim.goslant@nationalgrid.com<br>Re: United States v. Mass. Electric Co. d/b/a<br>National Grid (Gloucester Harbor) |